Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
Richard A. Zimmerman (RZ 0963)
(212) 962-1818
Patrick C. Crilley (PC 9057)
*Of Counsel*
(212) 619-1919

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

FERROSTAAL METALS GmbH

                Plaintiff,

-against-

FIVE OCEAN CORPORATION,

                Defendant.

------------------------------------------------------------x

JUDGE KAPLAN

ECF CASE

08 CV 1030

MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S
MOTION FOR AN ORDER OF
MARITIME ATTACHMENT AND
GARNISHMENT UNDER FED. R.
CIV. P. ADMIRALTY RULE B AND
9 U.S.C. §§1 and 8

I

## THE FACTS

### A. The Parties

      Plaintiff, FERROSTAAL METALS GmbH ("Ferrostaal"), was, and still is, a foreign company duly organized and operating under the laws of a foreign jurisdiction. Plaintiff was, at all material times, the charterer of the motor vessel "MAHA DEEPA" (the "Vessel"). Defendant, FIVE OCEAN CORPORATION ("Five Ocean"), was, and still is, a foreign corporation or other business entity organized and existing under the laws of South Korea.

## B. The Charter Party Contract

On or about June 15, 2007, Plaintiff Ferrostaal, as charterer, entered into a contract of Charter Party with Defendant Five Ocean, as disponent owner, for the voyage charter of the Vessel, for one voyage loading at one safe berth Port Kelang, Malaysia for discharge at one safe berth Antwerp, Belgium for the carriage of a cargo 14,450 metric tonnes, five-percent more or less in charterer's option, hot-rolled steel coils.

## C. Defendant's Breach of the Contract

On or about June 20, 2007, Plaintiff advised Defendant that plaintiff intended to load about 14,500 metric tonnes of steel coils, well within the five-percent more or less allowance provided in the Charter Party Contract. On or about July 19, 2007, the Vessel commenced loading Plaintiff's required cargo at Port Kelang, Malaysia. On or about July 23, 2007, after loading only 10,969.570 metric tonnes of Plaintiff's cargo, the Vessel's Master refused to load the remaining quantity of cargo and the Vessel departed Port Kelang leaving behind 3,828.380 metric tonnes of Plaintiff's cargo.

Defendant breached the Charter Party contract in failing to carry the full quantity of Plaintiff's cargo. Plaintiff Ferrostaal has fulfilled its obligations under the Charter Party contract.

## E. Summary of Plaintiff's Damages

As a result of Defendant's aforesaid breach, Plaintiff suffered damages in the amount $80,395.56, exclusive of interest, costs and reasonable attorneys' fees, being the additional costs incurred by Plaintiff to ship the balance of its required cargo, above the cost that Plaintiff should have incurred had the cargo been shipped in accordance with the Charter Party contract with Defendant. Plaintiff is also allowed to claim as damages in this action the costs of arbitrating

the underlying claim in London and interest, all of which are routinely awarded to the prevailing party in arbitrations conducted under English law.

The following is a summary of the total damages as alleged in the Verified Complaint:

| | |
|---|---|
| a) Increased Shipping Costs | $ 80,395.56 |
| b) Costs of prosecuting Plaintiff's arbitration proceedings against Defendant in London | $ 100,000.00 |
| c) Interest to be awarded in the arbitration | $ 20,000.00 |
| Total anticipated damages | $ 200,395.56 |

### F. The Arbitration Agreement

The Charter Party contains an agreement to arbitrate disputes in London under English law. Despite due demand, Defendant has failed to pay or otherwise fully secure the Plaintiff's claim. Therefore arbitration has commenced, or will soon commence, in London, and Plaintiff reserves its right to pursue all of the remedies to which it is entitled in that arbitration.

## II

### PLAINTIFF'S CLAIM IS MARITIME IN NATURE

Plaintiff's claims here are uniquely maritime. A charter party is a maritime contract. See *Winter Storm Shipping, Ltd., v. TPI, a/k/a Thai Petrochemical Industry Public Company Limited*, (2d Cir. 2002) 310 F.3d 263, 266. The Court stated,

> "Admiralty Rule B makes maritime attachment available to parties to a maritime contract, such as a charter party, which contains an arbitration clause."

III

## THE ARBITRATION ACT, 9 U.S.C. § 8: PLAINTIFF MAY COMMENCE ITS ACTION BY SEIZURE OF THE DEFENDANT'S PROPERTY

The U.S. Arbitration Act, 9 U.S.C. § 8, provides as follows:

> "If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award."

The statute therefore expressly permits the remedy sought herein.

IV

## ATTACHMENT IS PROPER WHEN DEFENDANT CANNOT BE FOUND WITHIN THE DISTRICT

Fed. R. Civ. P., Admiralty Rule B (1)(a) provides that,

> "If a defendant is not found within the district, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property – up to the amount sued for – in the hands of garnishees named in the process."

For purposes of Fed. R. Civ. P. Admiralty Rule B, a defendant must be capable of being served with process within the District *and* must be carrying on sufficient business within the District to be subject to personal jurisdiction. See *Seawind Compania, S.A. v. Crescent Line,*

*Inc.*, 320 F.2d 580 (2nd Cir. 1963). As explained and affirmed to in the accompanying declaration of Patrick C. Crilley, Defendants cannot be found within the district for the purpose of service of process. Therefore, the relief requested is proper.

## V

## CONCLUSION

Since (1) Plaintiff's claim is maritime in nature, (2) the parties have agreed to arbitrate their disputes and (3) the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules of Civil Procedure, Plaintiff requests that the Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules of Civil Procedure and the Unites States Arbitration Act, 9 U.S.C. § 8 as more fully set forth in the Verified Complaint and accompanying papers.

Dated: New York, New York
      January 31, 2008.

Respectfully submitted,

Patrick C. Crilley (PC 9057)
Of Counsel to
Richard A. Zimmerman (RZ 0963)
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
(212) 962 -1818